IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL MALDONADO**, <br><br> Plaintiff, <br><br> vs. <br><br> **EVERLAST LOGISTICS, LLC**, and **ANDREW LAST**, individually, <br><br> Defendants. | **COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff, DANIEL MALDONADO ("Plaintiff" or "Maldonado"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants EVERLAST LOGISTICS, LLC, ("Everlast"), and ANDREW LAST, individually, ("Last"), (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

1

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff performed non-exempt warehouse duties for the Defendants, who's New Jersey office is headquartered in South Brunswick, Middlesex County, New Jersey, and is thus within the jurisdiction and venue of this Court.

6. At all times pertinent to this Complaint, the Defendant, Everlast, was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Mainly, Defendant moved goods throughout the tri-state area.       .

7. Thus, Defendant is therefore within the personal jurisdiction and venue of this Court.

8. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff at all material times, including, without limitation, directly or indirectly controlling the terms of employment of Plaintiff.

## PARTIES

**Plaintiff Ronnie Urbina**

9. Plaintiff is an individual residing in Perth Amboy, Middlesex County, New Jersey.

10. Plaintiff Maldonado was employed by Defendants as a warehouse worker performing work, including but not limited to, throwing out garbage, fixing boxes, and moving pallets throughout the warehouse from in or about 2008, through in or about June, 2018.

11. Plaintiff was paid $10.00 per week from June 2015, until November 2016.

12. Plaintiff was paid $14.00 per hour.

13. Plaintiff worked approximately forty five (45) hours per week.

14. Plaintiff was not paid at an overtime rate.

**Defendant Everlast**

15. Defendant, Everlast is a New Jersey Corporation, which provides transportation and warehousing services throughout the tri-state area.

16. At all times relevant to this Complaint, Defendants employed Plaintiff to work on their behalf in providing labor for their benefit.

17. At all times relevant to this Complaint, Everlast's annual gross volume of sales made or business done was not less than $500,000.00.

18. At all times relevant to this Complaint, Everlast was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

19. Everlast regularly performed work outside of the State of New Jersey, transporting materials from within New Jersey to out of state, and vice versa.

## FACTS

20. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for overtime hours worked in a work week.

21. Plaintiff routinely worked approximately forty five (45) hours per week. The precise number of hours can be determined by the time cards that are in the possession, custody, and control of Defendants.

22. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

23. At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

24. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

25. The records, most of which, concerning the number of hours worked by Plaintiff, are in the possession and custody of Defendant.

26. The records, most of which, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendant.

27. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff compensation to which he was lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

28. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

29. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 28 above.

4

30. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each and every overtime hour worked per work period.

31. Defendant knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for his overtime hours worked in a work period.

32. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

33. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

34. Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 33 above.

35. Defendants aforementioned conduct is in violation of the NJWHL. As a direct and proximate cause of Defendant's actions, Plaintiff suffered damages, including but not limited to past lost earnings.

36. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff DANIEL MALDONADO demands judgment, against Defendants, EVERTLAST LOGISTIVS, LLC, and ANDREW LAST, individually, for the payment of compensation for all overtime hours at one and one-half times his regular rate of pay due him for the hours worked by him for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: July 18, 2018                                         Respectfully submitted,

              <u>s/ Andrew I. Glenn</u>
              Andrew I. Glenn, Esquire
              E-mail: AGlenn@JaffeGlenn.com
              New Jersey Bar No.: 026491992
              Jodi J. Jaffe, Esquire
              E-mail: JJaffe@JaffeGlenn.com
              New Jersey Bar No.: 022351993
              **JAFFE GLENN LAW GROUP, P. A.**
              301 N. Harrison Street, Suite 9F, #306
              Princeton, New Jersey 08540
              Telephone: (201) 687-9977
              Facsimile: (201) 595-0308
              *Attorneys for Plaintiff*